■ ROBERT RUFFIN, Appellant, v. UNITED STATES LINES COMPANY, Respondent.— Action under the Jones Act (U. S. Code, tit. 46, § 688) to recover damages for personal injuries alleged to have been sustained when plaintiff, a seaman aboard a ship, slipped on a wet metal sill at the entrance to his quarters, and for maintenance and cure. The appeal is from a judgment dismissing the complaint after trial by the court without a jury. Judgment unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

## (November 13, 1956)

■ In the Matter of the General Assignment for the Benefit of Creditors of FARMINGDALE PLUMBING & HEATING SUPPLY CO., INC., Assignor, to HERMAN HOFFMAN, Appellant; SECURITY NATIONAL BANK OF HUNTINGTON, Respondent. — Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL KALLOS, Appellant, against ALFRED M. STANLEY, as Senior Director of Rockland State Hospital, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. [See ante, p. 821.]

■ TOWN OF NORTH HEMPSTEAD, Respondent, v. JOHN A. WHITE, Appellant. OWEN D. LINCOLN, Respondent, v. JOHN A. WHITE, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ ROBERT G. BURKE, as Executor of FRANCIS X. MONAHAN, Deceased, Appellant, v. STEPHEN J. BRUNO et al., Respondents.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment entered on a jury verdict dismissing the complaint. Judgment affirmed, with costs. No opinion. Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: It was prejudicial and reversible error to admit the testimony of the medical examiner over the objection of appellant's counsel.